CLYDE BEATTY'S JUNGLE ZOO, Employer, AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Carrier, and FLORIDA INDUSTRIAL COMMISSION. v. ANNA AYERS MORELLO.

18 So. (2nd) 680
June 23, 1944
Rehearing denied July 17, 1944

June Term, 1944
En Banc

*McKay, Dixon & DeJarnette,* for appellants.
*Blackwell, Walker & Gray,* for appellee.

ADAMS, J.:

This case involves a claim for compensation under our Workmen's Compensation Act. The only issue was whether the claimant was a dependent of her son, the deceased. The deputy commissioner found against the claimant. The circuit court found in favor of the claimant.

We are of the opinion that the deputy commissioner was justified in denying the claim. The claimant gave the following statement to the insurance adjuster shortly after the death of her son:

"My son Wallace Ayers left home about two years ago and traveled with carnivals and circuses. My son was not home during this time. The last time I saw my son was on Mother's Day in 1940. He came to see me at the City Hospital on Welfare Island. My son wrote me once in a while. About a year ago I heard from my son for the last time. I don't remember where he was at the time he wrote this last letter. My son would send me a little money once in a while. He would send a gift home sometimes. As far as I know my son was not married. Wallace Ayers was my only child. At present I am living with my second husband, Nicholas Morello. I don't know where my son is buried. I don't know how much the funeral expenses were. The Fairchild Funeral Home, Fort Lauderdale, Fla., sent me a wire about burying my son. I had my husband write to Clyde

Beatty to bury Wallace Ayers in Florida. Since my marriage to Nicholas Morello I have lived on Long Island (Queens) and then in Manhattan for the past five years. My husband was a fruit inspector and displayer at the Fruit Terminal Dock, N. Y. C. My husband worked for whatever receiver hired him. Some of these were, C. H. Robinson & Co., C. E. Merrill & Co., C. E. Denney and S. P. Savage & Co. My husband worked at his job up to June 1942 when he went to the N. Y. Hospital for an operation. Since then I have been on home relief. I was married to Christopher Ayers about 1916 in a town in Delaware. I don't remember the name of the town. My son Wallace Ayers tried to get a birth certificate but was not able to do so. My son went to school in Jersey City until I moved to Long Island about 1932. My son went to a public school at 21 St. and 9 St. in Long Island City. About 1935 my son began traveling with carnivals. He would be home part of the year then. This kept up until about 2 years ago when I last saw him. When my son was home he would work with my husband. He would buy his clothes and we would give him spending money. He helped my husband do his work and did not receive a salary other than what my husband gave him."

When she testified at the hearing, however, she said her son made regular payments to her and that she was in a state of excitement when she made the quoted statement. The deputy commissioner was convinced of the truth of the quoted statement.

Giving due regard to the deputy commissioner's finding, as well as to the judgment appealed from, we find no sufficient evidence in the record to sustain the judgment appealed from and the same is reversed.

BUFORD, C. J., TERRELL, BROWN and SEBRING, JJ., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, J., dissents.